**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IAN GOODING,** | ) | **CASE NO. 5:16-cv-02100-DAP** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**ORDER ADOPTING REPORT**</u> |
| | ) | <u>**AND RECOMMENDATION**</u> |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

**I. Case History**

In April 2015, Ian Gooding filed an application for supplemental security income, alleging disability beginning in December 2014. Gooding's claim was denied initially and upon reconsideration.

On April 21, 2016, the Administrative Law Judge ("ALJ") issued an opinion unfavorable to Gooding, finding him "not disabled under section 1614(a)(3)(A) of the Social Security Act." Decision 11 (Tr. 25), Doc #: 10. On July 27, 2016, the Appeals Counsel denied Gooding's request for review. Notice 1 (Tr. 1).

The above-captioned case was filed on August 22, 2017, and, after the matter was fully

briefed, Magistrate Judge McHargh recommended the Court affirm the final decision of the Commissioner. R. & R. 23, Doc #: 14. On July 7, 2017, Gooding filed an Objection. Doc #: 15. The Social Security Commissioner filed a Response on July 20. Doc #: 16. This Order follows.

**II. Legal Standard**

In reviewing a denial of Social Security benefits, the Court's review "is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). On judicial review, it is not necessary that the Court agree with the ALJ's finding. *Id.* (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999)). Rather, the ALJ's finding must only be substantially supported by the record. *Id.* "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

When a case is referred to a magistrate judge, under the relevant statute, a plaintiff is entitled to object to the R&R within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1). Generally, the failure to timely file written objections to a magistrate judge's R&R constitutes a waiver of the right to obtain a de novo review of the R&R in the district court and

also results in a waiver of the right to appeal. *See United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). When objections are filed, the district court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and a district court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**III. Discussion**

Because the Social Security Administration Appeals Council denied Gooding's request for review, the ALJ's decision is the final decision of the Commissioner. After a review of the ALJ's decisions and the record, the Magistrate Judge recommended affirmation of this decision. Gooding objects on two bases:

> The Magistrate Judge found that the ALJ's explanations for the weight he assigned to the opinions of Plaintiff's mental-health case manager and Plaintiff's mental-health counselor were sufficiently articulated, and therefore not improper, and that the ALJ's RFC was supported by substantial evidence. Plaintiff does not object to the ALJ's degree of articulation of the weight he assigned, but respectfully submits that the stated rationale lacked the support of substantial evidence and that the ALJ's RFC also lacked the support of substantial evidence. . . .
> Moreover, Plaintiff specifically objects to the Magistrate Judge's conclusion regarding Plaintiff's absenteeism. . . . Plaintiff's argument was not merely speculative, but it contemplated the actual record evidence for the

-3-

relevant period of time herein.

Obj. 1–2. The Court has reviewed the record de novo and presently adopts the Report and Recommendation.

As to Gooding's first objection—regarding the little weight afforded the testimony of Gooding's case manager and counselor—the regulations require that the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 416.927(f)(2).

Gooding objects that the ALJ's explanation of why he afforded these sources "little weight" is not supported by substantial evidence. The ALJ opined that these sources were from a time "during which the claimant had a vast uptick in symptoms" and did not "acknowledge the claimant long period of stability, even without medications." Decision 8–9 (Tr. 22–23); *see* Decision 7 (Tr. 21) (explaining conclusions about stability). The ALJ's conclusion regarding unaddressed periods of stability is supported by the notes related to his psychiatric visits, which included comments such as "Mother states Mr. Ian is doing well without meds, " "There is no evidence of psychoses at present," and "No more psychotic symptoms It seems he had a Brief psychotic reaction under extream stress," on February 20, 2015. Psych Adult Progress Note 2/20/2015 at 2 (Tr. 307). Similarly, on May 27, 2015, the psychiatrist's notes state, "Pt says that since that time his symptoms have dissipated, been essentially non-existent . . . mom agrees that patient's symptoms have been non-existent." Pysch Adult Progress Note 5/27/2015 at 1 (Tr. 320); *see* Psych Adult Progress Note 9/16/2015 at 2 (Tr. 330) (summarizing notes indicating

Gooding had been doing well during February 20, March 20, May 27, and July 22, 2015, visits, and observing "odd behavior" beginning with the September 16, 2015, visit). Accordingly, the ALJ's conclusion regarding the period of stability has basis in the record.

Similarly, Gooding's second objection is overruled. It is clearly not speculative that Gooding was hospitalized for ninety-four days, and it also is not speculative that an average of five days per month absent may preclude competitive employment. *See* Tr. of Oral Hr'g 39–30 (Tr. 58–59) (vocational expert testifying regarding absenteeism). However, as the Magistrate Judge observed, it *is* speculative to conclude that Gooding will be so hospitalized in the future. R. & R. 22. Gooding cites no medical evidence for such a prediction, and in fact there is some evidence supporting the ALJ's opposite conclusion. *See* Psych Adult Progress Note 2/20/2015 at 2 (Tr. 307) ("No more psychotic symptoms It seems he had a Brief psychotic reaction under extream stress rather than Paranoid pschizopherenea. But shall monitor and clarify the diagnosis.").

In essence, Gooding and the ALJ view Gooding's situation through different lenses: the former believing Gooding's disability is permanent and disabling and the latter believing it intermittent and otherwise under control by medication. *Compare* Request for Review Letter 2 (Tr. 9) ("The record herein depicts a fairly typical onset and diagnoses of schizophrenia in a young adult, the course of which clearly is worsening in this case, not improving."), *with* Decision 9 (Tr. 23) ("The claimant began to have symptoms in late 2014, and these were promptly treated. The claimant then discontinued treatment for most of 2015, and even without any treatment, he remained stable. The claimant recently had another episode, which does confirm that the claimant is schizophrenia and requires medications. However, it appears that he

has stabilized again, and is experiencing little to no symptoms."). It is not the role of the Court to decide which, if either, interpretation is correct, rather the Court's review "is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the correct legal standards were applied." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). The ALJ's decision is accordingly affirmed.

**IV. Conclusion**

Accordingly, the Report and Recommendation, Doc #: 14, is adopted in full. The decision of the ALJ, and by extension the final decision of the Commissioner, is affirmed.

IT IS SO ORDERED.

*/s/ Dan A. Polster     July 31, 2017*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**